IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST SYSTEMS TECHNOLOGY, INC., | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:15-CV-2152-D |
| VS. | § § | |
| KOH YOUNG AMERICA, INC., | § § | |
| Defendant. | § § | |

MEMORANDUM OPINION
AND ORDER

Following a jury verdict and the entry of judgment in favor of plaintiff Southwest Systems Technology, Inc. ("Southwest Systems"), Southwest Systems moves for an award of attorney's fees and nontaxable expenses, and defendant Koh Young America, Inc. ("KYA") moves the court to determine whether Arizona law governs Southwest Systems' fee application. For the following reasons, the court grants in part and denies in part the parties' motions, awards Southwest Systems the sum of $240,950 in attorney's fees, and denies without prejudice Southwest Systems' request for $7,462.99 in nontaxable expenses.

I

Southwest Systems brought this lawsuit in Texas state court against KYA, alleging claims for breach of contract (a Sales Representative Agreement ("Agreement") between Southwest Systems and KYA), breach of the Texas Sales Representative Act ("TSRA"), Tex. Bus. & Com. Code Ann. §§ 54.001-06 (West 2016), and quantum meruit. Southwest Systems sought an award of treble damages under the TSRA. Following removal, and after

the close of discovery, KYA moved for partial summary judgment on the TSRA claim.  In response, Southwest Systems withdrew the claim.  The parties later tried the case to a jury, which returned a verdict in favor of Southwest Systems in the sum of $108,866.60 on Southwest Systems' remaining claims for breach of the Agreement and quantum meruit. Southwest Systems elected to recover on its claim for breach of the Agreement.

Southwest Systems now moves under Rule 54(d)(2) for an award of $253,683.75 in attorney's fees and $7,462.99 in nontaxable expenses pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2016).  KYA opposes the motion and separately moves for a determination of the parties' contractual choice of law provision and the applicability of Arizona substantive law to the fee application.

## II

The court begins with KYA's motion.

## A

The Agreement contains a choice-of-law clause that provides that it "will be governed and construed according to the laws of the State of Arizona."  P. 9/7/16 App. 3.  KYA contends that Arizona law governs the court's determination of attorney's fees; that, under Arizona law, the court has discretion to determine who is the successful party when there are multiple parties and multiple claims; that because Southwest Systems voluntarily dismissed its claim under the TSRA—in which it sought treble damages—it is apparent from the face of Southwest Systems' pleadings that it lost on three-quarters of its alleged damages; and that with respect to the totality of the litigation, KYA is the "prevailing party" and is entitled to

its own fees, or, by offset, a reduction of fees awarded to Southwest Systems, for prevailing on a significant majority of Southwest Systems' contractual and statutory damages claims asserted against it.

Southwest Systems responds that there is substantial similitude between Texas and Arizona law regarding the award of attorney's fees; that Arizona's attorney's fee statute does not apply in this case because the Agreement provides that the prevailing party will be entitled to reasonable attorney's fees and costs; that Southwest Systems' claims against KYA "from the inception of this dispute has been for the 5% commission it was owed on sales for which it was responsible," P. 9/7/16 Br. 3; that, at the inception of the lawsuit, the actual dollar amount of commissionable sales was unknown to Southwest Systems; that it was only after protracted discovery that the actual dollar amount of commissionable sales became liquidated such that Southwest Systems was able to identify sales on which it had not been paid commissions; and that Southwest Systems clearly prevailed on its commission claim.

B

A federal court sitting in diversity follows the choice of law rules of the state in which the court sits—here, Texas. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014). "Under the Texas rules, in those contract cases in which the parties have agreed to an enforceable choice of law clause, the law of the chosen state must be applied." *Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1318 (5th Cir. 1992) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 678 (Tex. 1990)). The Agreement provides that it

- 3 -

"will be governed and construed according to the laws of the State of Arizona."  P. 9/7/16

App. 3.  Accordingly, the court interprets the Agreement according to Arizona law.

The Agreement provides, in pertinent part:

> [i]f any action at law or in equity is necessary to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees, cost and necessary disbursements, in addition to any other relief to which it may be entitled.

*Id.*  "Where a contract provides for an award of fees to the prevailing party, Arizona law

requires the Court to honor that provision and award fees as stipulated in the agreement."

*Nat'l Bank of Ariz. v. Munn*, 2010 WL 5067697, at *1 (D. Ariz. Dec. 7, 2010) (citing

*McDowell Mountain Ranch Cmty. Ass'n v. Simons*, 165 P.3d 667, 670 (Ariz. Ct. App. 2007);

*Dorn v. Robinson*, 762 P.2d 566, 574 (Ariz. Ct. App. 1988)).  "The awarding of attorneys'

fees to a prevailing party pursuant to a contract between the parties is mandatory."  *Bennett*

*v. Appaloosa Horse Club*, 35 P.3d 426, 432 (Ariz. Ct. App. 2001); *see also Lisa v. Strom*,

904 P.2d 1239, 1242 n.2 (Ariz. Ct. App. 1995) ("[W]hen a contract has an attorney's fees

provision it controls to the exclusion of the statute."); *Chase Bank of Ariz. v. Acosta*, 880

P.2d 1109, 1121 (Ariz. Ct. App. 1994) ("Unlike fees awarded under A.R.S. § 12-341.01(A),

the court lacks discretion to refuse to award fees under [a] contractual provision.").

The court concludes that Southwest Systems was the "prevailing party" on its claim

for breach of the Agreement, and that it is therefore entitled to an award of attorney's fees

pursuant to the fee provision in the Agreement.  Arizona courts follow the "general rule" that

"the successful party in a contract litigation is the one who 'obtains judgment for an amount

- 4 -

in excess of the setoff or counterclaim allowed.'" *Suenos, LLC v. Goldman*, 2013 WL 11313165, at *1 (D. Ariz. Aug. 21, 2013) (quoting *Ocean W. Contractors, Inc. v. Halec Constr. Co.*, 600 P.2d 1102, 1105 (Ariz. 1979); *Trollope v. Koerner*, 515 P.2d 340, 344 (Ariz. App. 1973)); *see also McEvoy v. Aerotek, Inc.*, 34 P.3d 979 (Ariz. Ct. App. 2001) ("[A] plaintiff is the prevailing party when a jury reaches a verdict in favor of the plaintiff and awards damages."). Here, the jury found for Southwest Systems on its breach of contract claim. Although the sum of $108,866.60 in damages that the jury awarded Southwest Systems is substantially less than the sum of $1 million that Southwest Systems sought in its state-court original petition,[1] Arizona courts "have specifically rejected the notion that partial success warrants denial of a request for attorneys' fees and costs" in contract actions in which the contract provides for the payment of attorney's fees to the prevailing party. *See K.P. Ltd. Props., Inc. v. Built-To-Last Indus., LLC*, 2010 WL 2677279, at *4 (Ariz. Ct. App. July 6, 2010) (citing *Henry v. Cook*, 938 P.2d 91, 93 n.1 (Ariz. Ct. App. 1996)). The sum of $108,866.60 that the jury awarded Southwest Systems is not an insignificant amount, and, in any event, as explained above, "the successful party is the net winner." *Ayala v. Olaiz*, 776 P.2d 807, 809 (Ariz. Ct. App. 1989). As between Southwest Systems and KYA, Southwest Systems is clearly the net winner with regard to Southwest Systems' breach of contract claim, and is therefore the prevailing party for purposes of the Agreement's fee

---

[1]The sum of $1 million Southwest Systems sought in its original petition was based on a claim for treble damages under the TSRA. In the pretrial order, Southwest Systems sought commissions in the sum of $111,851.61, a figure much closer to the sum of $108,866.60 that the jury awarded.

provision.[2]

Accordingly, the court grants KYA's motion to the extent of concluding that the Agreement, including the attorney's fee provision, is governed by Arizona law, but it otherwise denies KYA's motion.

III

The court now turns to Southwest Systems' application for attorney's fees and nontaxable expenses.

The Agreement provides for the award of "reasonable" attorney's fees.   Under Arizona law,[3] "[t]he beginning point in a development of a reasonable fee is the determination of the actual billing rate which the lawyer charged in the particular matter." *Schweiger v. China Doll Rest.*, 673 P.2d 927, 931 (Ariz. Ct. App. 1983) ("*China Doll*") (addressing "reasonable" attorney's fees when provided by contract).  To enable the court to make this determination, "the affidavit submitted in connection with an application for

---

[2]KYA argues that, under the "'totality of the litigation' test," it is the "prevailing party." D. 9/1/16 Br. 5.  But the cases on which KYA relies address whether the court, in its discretion, should award attorney's fees under Arizona's attorney's fee statute.  Where, as here, attorney's fees are provided for by contract, Arizona courts mandate that the court award these fees.  *Nat'l Bank of Ariz.*, 2010 WL 5067697, at *1.  Thus the "totality of litigation" test is inapplicable to the court's decision whether to award attorney's fees in this case.

[3]"State law controls both the award of and the reasonableness of [attorney's] fees awarded where state law supplies the rule of decision."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002); *see also Charalambopoulos v. Grammer*, 2016 WL 915739, at *2 (N.D. Tex. Mar. 10, 2016) (Fitzwater, J.) ("In a diversity case, state law controls whether attorney's fees are recoverable and what amount is reasonable." (citation omitted)).

fees must indicate the agreed upon hourly billing rate between the lawyer and the client for the services performed." *Id.* at 932.

> The court, of course, is not bound by the agreement between the parties. While it is unlikely that the court will adjust the hourly rate upward, upon the presentation of an opposing affidavit setting forth reasons why the hourly billing rate is unreasonable, the court may utilize a lesser rate.

*China Doll*, 673 P.2d at 932 (citations omitted).

Where attorney's fees are permitted by statute or contract, the prevailing party is "'entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit' of a successful claim." *China Doll*, 673 P.2d at 932 (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)).  The party seeking reasonable attorney's fees bears the initial burden of establishing an entitlement to such fees by filing a fee application and supporting affidavit indicating "the type of legal services provided, the date the service was provided, the attorney providing the service (if more than one attorney was involved in the [matter]), and the time spent in providing the service." *RCS Capital Dev. LLC v. A.B.C. Developmental Learning Ctrs. (U.S.A.), Inc.*, 2012 WL 2115377, at *9 (Ariz. Ct. App. June 12, 2012) (unpublished memorandum decision) (alteration in original) (quoting *China Doll*, 673 P.2d at 932).  Once the party seeking attorney's fees "establish[es] an entitlement to fees and m[eets] the minimum requirements in an application and affidavit, the burden shif[s] to [the opposing party] to demonstrate the impropriety or unreasonableness of the requested fees." *City of*

*Tempe v. State*, 351 P.3d 367, 368 (Ariz. Ct. App. 2015) (citing *Assyia v. State Farm Mut. Auto. Ins. Co.*, 273 P.3d 668, 675 (Ariz. Ct. App. 2012)); *see also Worden v. Klee Bethel, M.D., P.C.*, 2009 WL 2003321, at *4 (Ariz. Ct. App. 2009) ("Once Worden filed her fee request with supporting affidavit and time entries as required by [*China Doll*], it became Klee Bethel's burden to establish that particular charges were immaterial, irrelevant, or unreasonable.").  It is ultimately up to the trial court, however, to determine in its discretion the reasonableness of requested fees. *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 2016 WL 2930686, at *4 (Ariz. Ct. App. May 19, 2016) (stating that where a contract provides that the prevailing party can recover its "reasonable" attorney's fees, the determination of "reasonableness" is within the discretion of the court (citing *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012)).

IV

Southwest Systems seeks the sum of $253,683.75 in attorney's fees based on a total of 942.3 hours of work.[4]  It contends that the reasonable number of hours was calculated by taking the total number of attorney hours worked on the case and deducting hours that related to Southwest Systems' claim under the TSRA, duplicative hours, and hours that are

_____

[4]Southwest Systems seeks attorney's fees under Tex. Civ. Prac. & Rem. Code Ann. § 38.001 and cites only Texas law in support of its fee application.  Although KYA contends that Arizona law governs Southwest Systems' request for attorney's fees, it, too, cites only Texas law in opposition to Southwest Systems' fee application.  Because the law in Arizona regarding the calculation of reasonable attorney's fees is similar to that of Texas, and because the court is able to apply Arizona law to the parties' arguments, it will decide Southwest Systems' fee application on the present briefing, without requiring that the parties submit additional briefing that cites Arizona case law.

insufficiently described in the billings.

KYA opposes the application, arguing that Southwest Systems' attorneys' billing records are insufficiently detailed to allow the court to make a determination of the reasonableness of the hours billed; that Southwest Systems' billing records utilize "block billing"; that Southwest Systems' attorneys repeatedly performed duplicative tasks resulting in excessive billing; and that Southwest Systems' attorneys expended excessive amounts of time on unnecessary or duplicative tasks.  KYA also objects on the grounds that Southwest Systems' attorneys failed to use billing judgment in preparing for trial and filing an unsuccessful motion for partial summary judgment; used block billing for travel time; and included 10.5 hours of time spent on unrecoverable clerical tasks.  KYA requests that the court reduce Southwest Systems' fee requests by an additional 60%, resulting in an award of no more than the sum of $102,000.00.

V

The court turns first to the determination of the reasonable hourly rates for the services of Southwest Systems' three attorneys.  Southwest Systems seeks attorney's fees for the services of these attorneys at hourly rates ranging from $250 to $275, which is the agreed hourly billing rate prior to filing the lawsuit.  *See* P. 8/31/16 App. 6, 81.  KYA does not dispute the reasonableness of these hourly rates.  Accordingly, the court finds that the following hourly rates are reasonable: $275 for the services of H.N. Cunningham III, Esq. ("Cunningham"), $275 for the services of Robert H. Bezucha, Esq. ("Bezucha"), and $250 for the services of John P. Tufnell, Esq. ("Tufnell").

VI

The court now determines the extent to which Southwest Systems' attorneys' claimed services are compensable.  Because Southwest Systems has established its entitlement to fees and has met the minimum requirements for obtaining a fee award, the burden has shifted to KYA to demonstrate the impropriety or unreasonableness of the requested fees.  The court will therefore organize its analysis around KYA's objections to the fee application.

A

KYA objects to certain time entries as containing block billing[5] or an insufficient description.[6]  It contends that "[t]hroughout [Southwest Systems'] counsel's time entries, counsel repeatedly use vague descriptions such [as] 'prepare for,' 'review documents,' 'review rules,' and 'organize' as to describe block billings and work."  D. 9/21/16 Br. 8.

Under Arizona law,

> [i]t is insufficient to provide the court with broad summaries of the work done and time incurred.  "Any attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent." . . .  In order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred.

---

[5]The term "block billing" refers to the "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (Fitzwater, C.J.) (citation omitted).

[6]KYA objects on this basis to 51.5 of Cunningham's billed hours, 130 of Bezucha's billed hours, and 76.05 of Tufnell's billed hours.  *See* KYA 9/21/16 App. 67.

*China Doll*, 673 P.2d at 932 (brackets omitted).  Although in a few instances Southwest

Systems has used block billing,[7] for the most part it has separated out each time entry by

attorney and task.  Moreover, under Arizona law, "block billing does not violate *China Doll*,"

*United Metro Materials, Inc. v. U.S. Development Land, L.L.C.*, 2010 WL 845922, at *9

(Ariz. Ct. App. Mar. 11, 2010) (citing *Orfaly v. Tucson Symphony Society*, 99 P.3d 1030,

1036 (Ariz. Ct. App. 2004)), provided the fee application "contain[s] sufficient detail so as

to enable the court to assess the reasonableness of the time incurred," *Orfaly*, 99 P.3d at

1036.  Because Southwest Systems' limited use of block billing has not prevented the court

from assessing the reasonableness of the time incurred, the court will not reduce Southwest

Systems' reasonable hours based on block billing.

As for KYA's complaint that services are insufficiently described, the court agrees

that some time entries lack the level of detail necessary for the court to assess their

reasonableness, as required by *China Doll*.  For example, some of Southwest Systems' time

entries identify tasks using vague descriptions such as "review documents" or "work on

discovery," thereby precluding the court from adequately assessing the reasonableness of the

time spent on the particular task.  *See, e.g.*, P. 8/31/16 App. 42 (November 24, 2015 time

----

[7]*See, e.g.,* P. 8/31/16 App. 47 (January 6, 2016 time entry for 2.5 hours on the following tasks: "Letter to D. Claybrook; work on document production; work on scheduling depos"); *id.* at 56 (March 19, 2016 time entry for 1.25 hours on the following tasks: "Telecom with T. Plummer; prepare Third Amended Deposition Notice for O'Hara; email T. Plummer"); *id.* at 62 (June 2, 2016 time entry for 3 hours on the following tasks: "E-mail D. Claybrook (x2); pull all documents; prepare for deposition"); *id.* at 73 (August 1, 2016 time entry for 1.5 hours for the following tasks: "Telcom with D. Claybrook; prepare for trial; review email J. Lee; review S. Dalton emails").

entry for 4.00 hours spent "[r]eview[ing] documents"); *id.* (November 25, 2015 time entry

for 1.75 hours on the following tasks: "E-mail B. Astle; pull documents"); *id.* at 51 (February

2, 2016 time entry for 2 hours of "[w]ork on discovery"); *id.* at 58 (April 6, 2016 time entry

for 2 hours of "[w]ork on documents").  But for the vast majority of time entries (including

the attorney time to which KYA has not specifically objected), the task performed is clear

to the court.  Accordingly, to account for the time entries that are insufficiently described,

the court in its discretion will reduce the claimed hours by 5%.

B

KYA contends that Southwest Systems failed to exercise appropriate billing judgment

during trial preparation and through trial.  It objects to the 510 hours billed from June 22,

2016 through trial (a 60-day period) as duplicative and excessive.  It contends that, "[g]iven

that this contract dispute was not novel or complex, that [Southwest Systems] presented only

one live witness at trial, no expert witnesses testified, and the trial lasted just over three days,

the time [Southwest Systems'] counsel expended is unreasonable, and should be reduced."

D. 9/21/16 Br. 9 (citation omitted).  In reply, Southwest Systems contends that "[t]he hours

incurred in litigating the case were reasonable under the circumstances," P. 9/28/16 Reply

4; that "[b]ecause of the difficulties in obtaining meaningful evidence, Southwest [Systems']

attorneys were left with the difficult and time consuming task of cobbling evidence together

to support its position," *id.* at 6; and that "[e]diting video presentations was time

consuming[,] [o]rganizing and interpreting exhibits was time consuming[, and] [e]videntiary

objections were time consuming," *id.*

At first blush, it would seem that these requested hours should be reduced at least to some extent. To illustrate, assuming that the 510 hours are allocated equally among the three attorneys and that they billed eight hours to this case per day, each attorney devoted more than 21 total days (170 ÷ 8 hours) to this case alone during the 60-day period leading up to trial. But because Southwest Systems has established its entitlement to fees and has met the minimum requirements for a fee award, the burden has shifted to KYA under Arizona law to demonstrate the impropriety or unreasonableness of the requested fees. *See City of Tempe*, 351 P.3d at 368. And KYA has failed to meet that burden.

In its appendix, KYA has marked certain of Southwest Systems' time entries in connection with preparing for and attending trial as "Duplicative or Excessive Time." Yet it does not explain why these particular time entries are excessive, what work the billing attorney was duplicating, or what would have instead been a reasonable amount of time to spend preparing for and attending trial in this case.[8] Accordingly, the court declines to reduce Southwest Systems' fee award based on the failure to exercise appropriate billing judgment during trial preparation and through trial. *See McDowell Mountain Ranch Cmty. Ass'n*, 165 P.3d at 672 ("Assuming that the fees requested were facially reasonable, [opposing party] then had the burden to show that they were clearly excessive. If such a showing is not made, then the Association is entitled to receive its full attorneys' fees.").

---

[8]KYA proposes an across-the-board reduction of 60% (resulting in a fee award of no more than $102,000.00), but fails to explain how it arrived at this figure or why a reduction in such an amount would fairly reflect a reasonable amount of fees in this case.

C

KYA next contends that Southwest Systems failed to use billing judgment in filing its motion for partial summary judgment, and it asserts that the court should exclude the 74.6 hours attributed to Southwest Systems' unsuccessful motion.  KYA maintains that Southwest Systems filed its motion despite a factual dispute concerning whether KYA owed any commission under the Agreement, and that, on its face, Southwest Systems' motion had no chance of succeeding.  KYA therefore posits that Southwest Systems should not recover fees for any time related to the motion or Southwest Systems' attempt to file supplemental summary judgment evidence.  Southwest Systems argues in reply that it filed the motion for summary judgment hoping that contradicting evidence would not be offered by KYA, and that, in addition, filing the motion served several other purposes, including "getting KYA's position on the record and enlightening the trial court as to Southwest[ Systems'] position." P. 9/28/16 Reply 6.

*China Doll* recognizes that a party entitled to recover reasonable attorney's fees is entitled to recover a reasonable fee "for every item of service which, *at the time rendered*, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit' of a successful claim." *China Doll*, 673 P.2d at 932 (emphasis added) (quoting *Twin City Sportservice*, 676 F.2d at 1313).  Although Southwest Systems did not succeed on its motion for partial summary judgment, the court cannot say that a reasonable and prudent lawyer would not have filed such a motion to advance Southwest

Systems' interest in pursuing a successful claim.  Moreover, Arizona courts have held that

although "'time spent on unsuccessful issues or claims may not be compensable[,]' a single

action may involve related legal theories, some successful and some not," and "[w]here a

party has accomplished the result sought in the litigation, fees should be awarded for time

spent even on unsuccessful legal theories." *RCS Capital Dev., LLC*, 2012 WL 2115377, at

*9 (quoting *China Doll*, 673 P.2d at 932-33).  Accordingly, the court declines to reduce

Southwest Systems' hours spent in connection with the motion for partial summary

judgement.

D

In addition to the time spent preparing for and attending trial, and in connection with

Southwest Systems' motion for partial summary judgment, KYA objects to various specific

time entries as duplicative or excessive.  *See* D. 9/21/16 App. 2-66.  It contends that "[f]or

example, [Southwest Systems'] attorneys repeatedly performed duplicative tasks or expended

excessive amounts of time on a task.  (SST Apx. pp. 35, 36, 42, 44, 45, 46, 47, 48)."  D.

9/21/16 Br. 7.  KYA does not indicate, however, either in its response brief or in its

appendix, the basis on which it maintains that these time entries are duplicative or excessive.

Arizona courts have held that "[a] party does not discharge its burden by generally claiming

that the hours billed are excessive or the rates charged are too high."  *Worden*, 2009 WL

2003321, at *4 (citing *State ex rel. Corbin v. Tocco*, 845 P.2d 513, 520 (Ariz. Ct. App.

1992)).  Accordingly, the court declines to reduce Southwest Systems' fee request based on

any of the time entries that KYA has identified in its Appendix as being excessive or

- 15 -

duplicative.  *See* D. 9/21/16 App. 2-66.

E

KYA objects to 59 hours of block-billed time that includes travel time, which KYA

contends, under Texas law, is typically compensated at one-half the attorney's regular rate.

Under Arizona law, however, travel time may be included in a fee application.  *See China*

*Doll*, 673 P.2d at 932 (listing, "[t]ravel time where necessary" among "[e]xamples of the type

of services which may be included in a fee application"); *see also Estate of Awsienko v.*

*Tempe St. Luke's Med. Ctr., LP*, 2011 WL 5591587, at *5 (Ariz. Ct. App. Nov. 17, 2011)

(affirming fee award that included "$2,835 in 'Attorney's Fees for travel and deposition'").

And the court has already concluded above that Southwest Systems' practice of block-billing

some time entries is not prohibited under Arizona law, provided the court is able to assess

the reasonableness of the time expended.  The court has reviewed the billing entries that

contain travel time and finds that they are reasonable.  Accordingly, the court declines to

reduce Southwest Systems' claimed hours based on the inclusion of travel time.

F

KYA objects to 10.5 hours that it contends is time billed for clerical tasks not

recoverable as fees.  Southwest Systems responds that "[t]he majority of the time entries

objected to by KYA as clerical are for attorney time Mr. Tufnell spent working with the

videographer to put together the very effective video excerpts used at trial.  Mr. Tufnell

preparing, reviewing and drafting documents were not clerical tasks."  P. 9/28/16 Reply 7.

The court agrees.  Because preparing the trial exhibits at issue required the exercise of

- 16 -

counsel's discretion, this time is reasonably included in Southwest Systems' fee request.

G

In sum, the court finds that, aside from the handful of time entries that inadequately describe the billed task, Southwest Systems has met the requirements set forth in *China Doll* for its fee application.  KYA has failed to demonstrate the impropriety or unreasonableness of the requested fees.  Accordingly, the court reduces the requested 942.3 hours by 5% to account for inadequately described time, but it does not otherwise reduce the reasonable hours requested by Southwest Systems.  After this reduction, the reasonable hours for Cunningham are 288, for Bezucha are 400, and for Tufnell are 207.  Multiplying these hours by the attorneys' reasonable rates ($275 per hour for Cunningham and Bezucha and $250 per hour for Tufnell), the court awards a total of $240,950 in reasonable fees (Cunningham: 288 hours x $275 = $79,200; Bezucha: 400 hours x $275 = $110,000; Tufnell: 207 hours x $250 = $51,750).[9]

VII

Southwest Systems requests $7,462.99 in nontaxable expenses, which include: $1,833.16 in airline ticket charges; $2,224.25 in hotel charges, $308.00 in postage, $57.00

---

[9]Under Arizona law, in determining the reasonableness of fees, courts may consider other factors such as the time and labor required, the complexity of the issues, the skill required, the likelihood that acceptance of the case will preclude other employment by the lawyer, and the amount involved and results obtained.  *RCS Capital Dev., LLC*, 2012 WL 2115377, at*10 (citing Ariz. R. Sup. Ct. 42).  Because neither party argues for these factors (or their Texas-law equivalents), the court will not address whether the requested fees should be adjusted based on other factors.

in courier charges, $76.92 in FedEx charges, $2,850.00 in video editing charges, and $113.66 in parking and mileage charges.  KYA responds that "costs" are not awardable under Tex. Civ. Prac. & Rem. Code Ann. § 38.002.

KYA has argued, and the court agrees, that Southwest Systems' fee application should be decided under Arizona law.  Neither party has briefed whether Southwest Systems' requested nontaxable expenses are available under Arizona law.[10]  Accordingly, the court denies Southwest Systems' request for $7,462.99 in nontaxable expenses without prejudice to Southwest Systems' filing a supplemental request seeking these expenses, if available, under Arizona law.

*    *    *

Accordingly, for the reasons explained, the court grants KYA's motion to the extent of holding that Arizona law governs Southwest Systems' attorney's fee request, but it otherwise denies the motion.  The court grants Southwest Systems' motion for attorney's fees and awards Southwest Systems the sum of $240,950 in reasonable attorney's fees.  The court denies without prejudice Southwest Systems' request for $7,462.99 in nontaxable expenses. If Southwest Systems has a basis under Arizona law to apply for an award of nontaxable expenses, it may submit a supplemental fee application, within 21 days of the date this

---

[10]Although the parties briefed Southwest Systems' attorney's fee request under Texas law, the court was nonetheless able to decide the motion without requiring further briefing because the factors to be considered in awarding attorney's fees under Arizona and Texas law are similar.  This is not the case with respect to the availability of an award of nontaxable expenses.

memorandum opinion and order is filed.

**SO ORDERED**.

December 23, 2016.


SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE